On Petition for Rehearing.

Per Curiam.

An application for a rehearing of the foregoing causes has been presented, the chief ground of which is that the opinion, in so far as it holds that, to accomplish the purposes of the proceedings, resort must be had to a court of equity, is in conflict with the opinion of the supreme court in People v. U. P. Ry. Co., to which we have referred. If such be the case we are bound to allow the petition, because the opinions of that court are conclusive on *198 us. But upon a careful re-examination of the opinion in that case, we are unable to discover any variance between the views of the supreme court and our own. The only questions considered by -it related to the sufficiency of the petitions, and nothing appeared on their face to indicate the situation which the evidence disclosed. For aught shown by them, mandamus was the proper remedy, and the purpose of the proceedings could have been accomplished by separate judgments against the several respondents. But upon the trial a state of facts appeared which rendered independent proceedings inadequate and impracticable for' the attainment of the object sought, and from which it appeared that the relief to which the relator was entitled could not be awarded by a court of law. That the supreme court was not of the opinion that these actions could be maintained no matter what the situation disclosed by the evidence might be, is, we think, clearly apparent from the following language with which the opinion closes:
“When the case is fully presented by proper pleadings and proofs, it will be for the trial court upon the facts and circumstances as they then appear, and the law applicable thereto, to determine whether the city is entitled to the relief sought by these actions.”
The application for a rehearing will be denied.